UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZACHARY D. PAYNE, )<br>)<br>Defendant. ) | 2:19-cv-00162-JAW |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On April 16, 2019, Freedom Mortgage Corporation (Freedom) filed a foreclosure complaint against Zachary D. Payne. *Compl.* (ECF No. 1). On July 15, 2019, Freedom filed proof of service showing that it served Mr. Payne on May 22, 2019. *Affidavit of Service as to Zachary D. Payne* (ECF No. 7).

On August 15, 2019, Freedom moved for the entry of default against Mr. Payne, and the Clerk of Court entered default against him on the same day. *Pl.'s Mot. for Entry of Default as to Zachary D. Payne* (ECF No. 8); *Order Granting Mot. for Entry of Default* (ECF No. 9). Freedom filed a motion to extend its time to file a motion for default judgment by thirty days on September 16, 2019, and the Magistrate Judge granted the motion the following day. *Pl.'s Mot. to Extend Time for Filing of Mot. for Default J.* (ECF No. 10); *Order Granting Mot. to Extend Time* (ECF No. 11). On October 16, 2019, Freedom filed a motion for default judgment in regard to Mr. Payne. *Pl.'s Mot. for Default J. as to Def., Zachary D. Payne* (ECF No. 12) (*Pl.'s Mot.*).

In the context of foreclosures, once the Clerk of Court enters a default, the Court is obligated to schedule a hearing to

> determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings.

14 M.R.S. § 6322. If the Court is satisfied that a breach exists, the Court issues a judgment of foreclosure and sale subject to the right of redemption and also sets forth the amount due and payable under the mortgage so that the mortgagor may effect the redemption. *Id.* Freedom includes in its motion for default judgment a request for a section 6322 hearing. *Pl.'s Mot.* at 2 (requesting that the court "schedule a hearing on the assessment of damages to determine the order of priority and related matters"). The Court grants Freedom's request.

The Court considered whether Freedom has standing to enforce the original note and mortgage and finds that Freedom has standing to enforce the mortgage but may not have standing to enforce the note. Under Maine law, if Freedom has standing to enforce the mortgage, but not the note, it is fatal to its right to foreclose the mortgage. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d 700, 705. The Maine Supreme Judicial Court has written that "[w]ithout possession of or any interest in the note, [a party] lack[s] standing to institute foreclosure proceedings and [may] not invoke the jurisdiction of our trial courts." *Id.* (quoting *Mortg. Elec. Registration Sys., Inc. v. Saunders*, 2010 ME 79, ¶ 15, 2 A.3d 289, 297) (alternations in original).

The Court turns to the record to assess whether Freedom has an interest, as required by Maine law, in both the mortgage and the note. On December 8, 2016, Mr. Payne indorsed the original note to Norwich Commercial Group, Inc. D/B/A Norcom Mortgage, a corporation (Norwich), which is named as the lender. *Compl.*, Attach. 2, *Note* at 1. Norwich made the note payable without recourse to First Guaranty Mortgage Corporation (First Guaranty). *Id.* at 3. In its Complaint, Freedom alleged the indorsement of the note and its current possession of the note. *Compl.* ¶ 15 (stating that Freedom "is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note").

However, on this record, there is no confirmation that the promissory note Mr. Payne executed was ever assigned or indorsed to Freedom or indorsed in blank. *See U.S. Bank Trust, N.A., as Tr. for LSF11 Master Participation Tr. v. Cunningham*, No. 2:19-cv-00306-JAW, 2019 WL 6464619, at *2 (D. Me. Dec. 2, 2019) (stating that in a case with multiple indorsements ending with an indorsement in blank, "[u]nder Maine law, section 3-1301 of title 11 'permits a party to enforce a note if it is the "holder" of the note, that is, if it is in possession of the original note that is indorsed in blank'" (quoting *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 10, 96 A.3d 700, 705)). The only evidence about the promissory note in this case is that Mr. Payne executed the note in favor of Norwich and that Norwich made the note payable without recourse to First Guaranty. The transactional history of the note seems to stop with First Guaranty.

Additionally, on December 8, 2016, the same date Mr. Payne signed the promissory note, he executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS). *Compl.*, Attach. 3, *Mortgage* at 1, 14. Norwich is listed as the lender, and MERS is described as the "nominee for Lender and Lender's successors and assigns." *Id.* at 1-2. On June 28, 2018, MERS executed an assignment of the mortgage to Freedom. *Compl.*, Attach. 5, *Corporate Assignment of Mortgage* at 1. This assignment is invalid. *See Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 16-17, 96 A.3d 700. Subsequently, on January 17, 2019, Norwich assigned the mortgage to Freedom with a quitclaim assignment signed by Philip DeFronzo, President of Norwich, *Compl.*, Attach. 6, *Quitcl. Assignment*, which is sufficient to grant Freedom ownership of the mortgage. *See JPMorgan Chase Bank, N.A. v. Lowell*, 2017 ME 32 ¶ 2 n.2, 156 A.3d 727, 728 n.2 (noting that where there had been a previous assignment of a mortgage via MERS followed by a subsequent quitclaim assignment, "[a]s a result of the quitclaim assignment, it appear[ed] that [plaintiff's] standing to pursue th[e] foreclosure action [was] not at issue").

The record suggests that Freedom has a mortgage but not a note and, if true, under Maine law, Freedom may not proceed with foreclosure. If Freedom does not have a right to proceed with the foreclosure because it does not have a legal right to the note, its right to proceed under the other theories in the Complaint is questionable. In addition to the foreclosure count, Freedom alleged under Count II, Breach of Note, Count III, Breach of Contract, Money Had and Received, Count IV, Quantum Meruit, and Count V, Unjust Enrichment, and these counts are all

4

premised on Freedom's right to proceed on the note. *Compl.* ¶¶ 30-60. At the hearing, the Court will give Freedom an opportunity to address whether it has standing to enforce the original note and how it is entitled to proceed if it does not have standing.

In addition to this fundamental question, the Court will give Freedom an opportunity to address the absence of any demand for sale in the Complaint. *See* 14 M.R.S.A. § 6321 (stating that a foreclosure complaint must "demand a foreclosure and sale"). At present, Freedom's Complaint only demands a foreclosure. *See Compl.* ¶ 27 ("By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate"). This omission seems at best highly technical because a foreclosure typically results in a sale. At the same time, the Maine Supreme Judicial Court has repeatedly emphasized that Maine's foreclosure statute must be strictly construed. *Greenleaf*, 2014 ME ¶ 18.

Additionally, the Court will give Freedom an opportunity to address the absence in this record of a copy of Complaint or a Clerk's Certificate of Foreclosure filed with the Registry of Deeds within sixty days of commencing foreclosure. *See* 14 M.R.S. § 6321 ("[T]he mortgagee shall within 60 days of commencing the foreclosure also record a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded").

Lastly, the Court notes that there are two potential errors in the record. First, the demand letter Freedom sent to Mr. Payne stated that he had a right to cure within thirty-eight days, rather than thirty-five days. *See Compl.*, Attach. 7, *Demand Letter*

5

at 4 ("You have the right to cure the default by paying the Total Amount Due within 38 days . . . after we have given you this notice"). Second, the address listed on the demand letter says "25 Smith's Farm Lane" rather than "25 Smith Farm Lane." *See id.* The first error, if it is an error, favors Mr. Payne and the second appears to have occurred because Freedom failed to notice that the mortgage was re-recorded to correct the property address from Smith's Farm Lane to Smith Farm Lane. *Compare Compl.*, Attach. 3, *Mortgage*, with *id.*, Attach. 4 ("*Re-recording to correct the property address throughout the mortgage"). Neither error impacts the Court's determination.

The Court GRANTS Freedom's request for a hearing in accordance with 14 M.R.S. § 6322 (ECF No. 12). Freedom through counsel shall contact the Clerk to arrange a date, time, and place for the hearing. Further, the Court ORDERS Freedom to provide notice to Zachary D. Payne of the date, time, and place of the hearing to allow him to appear, if he wishes to do so, and contest Freedom's claimed relief. The Court DEFERS ruling on Freedom's Motion for Default Judgment as to Defendant, Zachary D. Payne (ECF No. 12) until after the hearing.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2019